A lease for years is defined to be a contract for the possession of land. The title remains in the lessor; the possession of the lessee is the possession of the lessor. All actions in which the title is demanded are to be brought against the lessor. It is a good plea in such actions for the lessee for years to say that he has nothing but a lease for years; and a recovery suffered, or a fine levied in an action brought wherein he is defendant, may be avoided by plea by any person against whom such fine or recovery is offered in evidence. He is not liable to be called on to perform the feudal duties; he cannot vouch, pray in aid, nor is he considered as having anything to do with the title of the land, and there is no privity as to title between him and the owner of the land. A recovery suffered by the owner discharged his right to the possession, for even that existed only in contract with his lessor, and all these flow from one source, to-wit, that his lease is a mere contract for the possession of the land, and as not having an interest in the title or land itself. From these principles I deduce that tenants in common may make a joint demise, that is, a lease for years; and that it can be truly said that they did demise — that is, jointly demise; for, having a joint possession, each (471) demises the whole possession as much as joint tenants. It is true they cannot make a joint lease for life, gift in tail, feoffment or conveyance in fee, for they have not a joint title but a several one, therefore each possesses his title in severalty; and I cannot account otherwise for the uniform decisions on the subject that tenants in common cannot make a joint demise to try title in ejectment, or that it cannot be described as their demise in pleading, than in this way: that it being established that they could not make a joint lease for life, gift in tail or feoffment in fee, they could not make a joint demise for years, without reflecting that in the one case a joint estate must pass to justify the description that they conveyed or, which is the same thing, that they jointly conveyed, whereas the interest which they did pass was a several and not a joint interest, they being in by several titles; but that in a lease for years only a right to the possession passes, and they have a joint possession, the only unity which connects them with each other. It is to be observed that it is admitted on all hands, even in the very *Page 258 
authorities which say that this declaration would be bad, that the interest passes but that it should in the pleadings be called a several and not a joint demise. Were I overturning decisions which fixed the rights of property or persons, or changing in the least the rights of any individual, I would yield to such a current of decisions, but it cannot, by any probability, affect the rights of any one. Chief Justice Kent, in Jackson v. Bradt
(2 Caine, 169), has shortly hinted at the same principle which governs me in this decision, and although for this and other reasons he decided in conformity to what I think should be the decision in this case, I cannot yield my assent to any other ground which he took, for certainly the question is not whether tenants in common can make a valid lease to pass their interests when they join in the conveyance, but whether it can be said in pleading that they did demise. I think the declaration (472) is good and that there should be judgment for the plaintiff.